UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.06-22509-Civ-GOLD
(96-443-Cr-GOLD)
MAGISTRATE JUDGE P. A. WHITE

ORESTES HERNANDEZ           :

    Movant,              :

v.                          :          **REPORT OF**
                                       **MAGISTRATE JUDGE**
UNITED STATES OF AMERICA,   :

    Respondent.          :
_____

    Orestes Hernandez has filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and 775 month sentence for conspiracy to commit Hobbs Act extortions, and numerous substantive counts, including three §924(c) convictions, entered March 23, 1999, following a jury trial in Case No.96-443-Cr-GOLD.

    This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings in the United States District Courts. For its consideration of this motion, the Court has the response of the government to an order to show cause with exhibits, the movant's reply, the Presentence Investigation Report (PSI), and the underlying criminal file.

    Hernandez raises the following claims:

        1.   His sentence was imposed in violation of the Fifth and Sixth Amendment because the enhancements were not charged in the

>>Indictment or proven to a jury beyond a reasonable doubt.
>
>2. He received ineffective assistance of counsel because his lawyer did not seek correction of sentence pursuant to Rule 35(a) on the grounds that his sentence was imposed in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

On April 1, 1998, Hernandez was charged with conspiracy to commit Hobbs Act extortions based on his involvement in the kidnapping and torture of adults and young children over a sixteen month period, as well as several substantive charges of carjackings. He was also charged with four counts of using a firearm during a crime of violence in violation of §924(c), which stemmed from separate offenses occurring months apart. He was convicted on the conspiracy count, and all of the substantive counts except one of the §924(c) firearms counts. On October 1, 1998, he was sentenced to a total of 905 months imprisonment.

Hernandez appealed, raising numerous challenges to both his conviction and his sentence. On April 17, 2001, the Eleventh Circuit affirmed the conviction, but remanded for resentencing because: (1) he was sentenced for carjacking which resulted in serious bodily injury, but had only been charged with simple carjacking, and (2) pursuant to the retroactive application of Amendment 599, a firearm brandishing enhancement should not have been applied in conjunction with the §924(c) conviction. <u>United States v. Diaz</u>, 248 F.3d 1065 (11 Cir. 2001).

On December 2, 2002, following the remand, he was resentenced to 775 months imprisonment. During that hearing, he objected, for the first time, to the consecutive §924(c) sentences on <u>Apprendi</u> grounds. The Court declined to entertain the argument, however,

finding that it was limited to addressing only the two issues that were specified in the Eleventh Circuit's mandate. Hernandez appealed the second sentence, arguing that the consecutive sentences under §924(c) violated Apprendi because the prosecution failed to charge Hernandez under the second weapon count with the particular subsection that requires a consecutive sentence of twenty years, and the jury was not instructed that it must find a second weapon offense beyond a reasonable doubt.

The Eleventh Circuit agreed with the District Court that the claim was outside the scope of its mandate on remand, and had been forfeited by the movant's failure to have raised it in his first appeal and affirmed the sentence.  The movant filed a petition for writ of certiorari, and the Supreme Court remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).  On April 13, 2005, the Eleventh Circuit again affirmed the judgment, holding that Booker did not change its previous analysis, and noting that the claim was without merit, citing to United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11 Cir.2005).  Hernandez filed a second petition for writ of certiorari, which was denied on October 3, 2005. On September 28, 2006, this timely motion to vacate pursuant to §2255 ensued.

In his **first claim**, the movant asserts that his sentence was imposed in violation of the Fifth and Sixth Amendment because the enhancements were not charged in the Indictment or proven to a jury beyond a reasonable doubt.

The issue of the lawfulness of his sentence for the §924(c) counts pursuant to Booker was raised and rejected in Hernandez' second appeal. In affirming the sentences, the appellate court not only denied the claim on procedural grounds, but specifically held

that found that the trial court did not commit any constitutional Booker error when it enhanced the movant's sentence based on his prior convictions. (CR/DE# 716 at 6). Thus, this claim is procedurally barred from review in this collateral proceeding as the movant has offered nothing of substance which would justify reconsideration of the claim. See Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994); Graziano v. United States, 83 F.3d 587 (2d Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.).

In his **second claim**, Hernandez asserts that he received ineffective assistance of counsel because his lawyer did not seek correction of sentence pursuant to Rule 35(a) on the grounds that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) following the December 6, 2002 resentencing. He argues that had such a motion been filed by counsel, it would have succeeded on the merits.

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a

4

reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Thus, Hernandez must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Id.</u> at 697.

In this case, the movant cannot demonstrate that he was prejudiced by counsel's failure to file a motion for correction of sentence arguing that the consecutive §294(c) sentences violated <u>Apprendi</u> following resentencing. Although the Court of Appeals held that the claim had been waived because it had not been raised earlier, a motion to correct the sentence following resentencing would not have cured that defect. Moreover, the Eleventh Circuit also found on remand from the Supreme Court, that the claim was without merit. Thus, there is no reasonable probability that the outcome of the case would have been different had counsel filed the motion.

In his reply filed on December 21, 2006, the movant, for the first time, asserts that counsel should have argued that the consecutive sentences for the three §924(c) counts were improper because the convictions were obtained on the same date from the same criminal case, and thus, should not count as prior and subsequent convictions for enhancement purposes under the statute. That argument was not raised earlier in his motion, and is arguably time-barred pursuant to <u>Davenport v. United States</u>, 217 F.3d 1341 (11 Cir. 2000)[1], as it he is alleging a separate and distinct

---

[1] Pursuant to <u>Davenport</u>, any claims contained in an untimely filed pleading which do not relate back to the original timely filed motion should be time-barred. To relate back under Rule 15(c), the Court held that "the untimely claim
(continued...)

5

argument upon which he asserts counsel should have based the Rule 35 motion for correction of sentence. Even if the claim is not time-barred, however, it is without merit.

Had a motion been filed on those grounds, Hernandez still has not demonstrated that it would have succeeded. First, the Court likely would have deemed the argument to have been waived, as it was not raised at the initial sentencing or on the initial appeal, and it was outside the parameters of the mandate. Second, he offers no precedent or legal support for his contention, and the Eleventh Circuit has held that §924(c) permits multiple convictions arising from a single course of conduct. United States v. Rahim, 431 F.3d 753 (11 Cir. 2005)(finding that neither the Supreme Court nor this Court has held that to impose consecutive sentences for multiple §924(c) convictions arising out of the same prosecution, is erroneous). In this case, the three firearm counts were based on three separate and distinct acts of car-jacking, which together comprised the overall conspiracy.

There is no reasonable likelihood that his argument would have succeeded had it been made by counsel in a motion to correct the judgement following the resentencing.

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

---

[1](...continued)
must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Subsequently, in Dean v. United States, 278 F.3d 1218 (11 Cir. 2002), the Court held that Congress intended rule governing relation back of amendments of pleadings to be used for a relatively narrow purpose, one of which is to fill in facts missing from the original claim.

Signed this 8th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Orestes Hernandez, Pro Se
      Reg. No. 52270-004
      FCC - USP 1
      P.O. Box 1033
      Coleman FL, 33521

      Andrew Lourie, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132